**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OHIO VALLEY BISTROS, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-CV-00286 |
| | ) | |
| v. | ) | Judge David S. Cercone |
| | ) | |
| | ) | |
| GMR RESTAURANTS OF | ) | |
| PENNSYLVANIA, INC., | ) | Magistrate Judge |
| | ) | Francis X. Caiazza |
| and | ) | |
| | ) | |
| | ) | |
| DARDEN RESTAURANTS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

In this diversity action filed pursuant to 28 U.S.C. §1332, Ohio Valley Bistros ("OVB") asks that the court grant specific enforcement of a restrictive covenant set out in a lease of real property. OVB also seeks damages for breach of that covenant. Defendants, GMR Restaurants of Pennsylvania, Inc. ("GMR"), and Darden Restaurants, Inc. ("Darden"), filed the pending Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a necessary and indispensable party. Alternatively, the Defendants asks that the court abstain from or stay this matter pending the outcome of ongoing state court litigation involving most of the same parties and virtually identical issues. It is respectfully recommended that the Defendants' motions be denied.

## II. <u>Report</u>

### A. <u>Procedural Background</u>

While the facts underlying this matter are straightforward, its procedural history is convoluted. The court summarizes both in the following chronology:

- <u>**June 15, 1984**</u>. Park Manor Land Co. ("Park Manor"), owner of a 500 acre development site in Robinson Township, PA, entered into a Ground Lease with AT Land Co.("AT Land"). The lease agreement included a provision entitled "Use of Adjoining Property" that read in pertinent part:

  Landlord will (a) not . . . lease . . . all or any portion of the Adjoining Property unless such Lease prohibits the lessee . . . from operating a freestanding "American cuisine theme restaurant" . . .(b) impose a restrictive covenant, running with the land so long as this Lease is in effect, which will prohibit the lessee from the operation of a freestanding "American cuisine theme restaurant" upon any portion of the Adjoining Property . . .[T]he term "American cuisine theme restaurant" shall mean a food and beverage retail sales operation which has a liquor license, serves predominantly American-style cuisine and otherwise is . . . generally comparable to the restaurant known as "Dingbats" which currently exists at the Waterworks in the City of Pittsburgh, Pennsylvania.

- <u>**1985**</u>. AT Land constructed and began operating a Dingbats Restaurant on the leased property.

- <u>**December 29, 2001**</u>. Defendant GMR purchased property allegedly subject to the restrictive covenant.

- <u>**June 2002.**</u> GMR began construction of a restaurant, Smokey Bones BBQ Sports Bar ("Smokey Bones").

- <u>**November 13, 2002**</u>. AT Land filed a complaint in the Pennsylvania Court of Common Pleas alleging that GMR was in violation of the restrictive covenant.

- <u>**November 15, 2002**</u>. AT Land sought injunctive relief preventing GMR from operating Smokey Bones.

- <u>**January 14, 2003**</u>. Smokey Bones opened.

- **February 2003**. A hearing was held on AT Lands's request for injunctive relief.

- **March 12, 2003**. The request for injunctive relief was denied. The court found the term "American cuisine theme restaurant" vague and ambiguous. Looking primarily at the price and "character" of the food served, the court concluded that Smokey Bones did not have an "American cuisine theme," but was instead a barbeque specialty restaurant.

**April 8, 2003**. At Land appealed to the Pennsylvania Superior Court.

**August 25, 2004**.  OVB negotiated an assignment agreement pursuant to which it assumed AT Land's interest in the ground lease. It then opened a restaurant, TGI Friday's, in the space formerly occupied by Dingbats.

**September 4, 2004**. The Superior directed that the Court of Common Pleas re-analyze AT Land's request for injunctive relief.

**April 18, 2005**. Because of the assignment, GMR's motion for partial summary judgment with respect to AT Land's request for injunctive relief was granted as moot. At some point afterward - the dates are not specified in the record - AT Land filed an amended complaint seeking damages. GMR filed an answer and a counterclaim for declaratory judgment. Discovery went forward.

**March 1, 2006**. GMR filed a motion to dismiss for failure to join OVB as a necessary and/or indispensable party. The motion to dismiss was denied, but the court ordered that OVB be joined.

**March 2, 2006**. OVB filed suit in federal court.

**March 7, 2006**.  The state court denied motions filed by AT Land and OVB requesting reconsideration of the order joining OVB. Both argued that OVB should not be joined in the state proceedings because it had initiated suit in federal court.

**March 22, 2006**. The pending motion was filed.

**May 2, 2006**. OVB filed preliminary objections in state court, again asking that it be dismissed from that litigation.

**June 29, 2006**._Following oral argument, OVB's preliminary objections were denied, and it was directed to file a responsive pleading.

3

    **July 10, 2006**. OVB filed an answer, new matter, and a counterclaim in the state court proceedings.

### B. **The Pending Motions**

#### 1. **The Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7)**

Invoking Fed. R. Civ. P. 12(b)(7),the Defendants ask that this action be dismissed for failure to join AT Land as an indispensable party under Fed. R. Civ. P. 19(b). This request should be denied.

In resolving a 12(b)(7) motion, the court applies a two-prong analysis. First, it must determine whether a party is necessary to the litigation with reference to the factors listed in Rule 19(a). *See* Janney Montgomery Scott v. Sheperd Niles, 11 F.3d 399, 404 (3d Cir. 1993). This rule provides that a party is necessary if it is subject to service of process, its joinder would not deprive the court of subject matter jurisdiction, and at least one of the following circumstances exists:(1) in the party's absence, complete relief will be unavailable to those already parties; or (2) the absent party claims an interest related to the subject matter of the action, and is situated so that the outcome of the action in the party's absence may (i) impair or impede that party's ability to protect its interest, or (ii) place any existing party at substantial risk of incurring double, multiple, or inconsistent obligations.

If the absent party is not necessary within the meaning of Rule 19(a), the inquiry is at an end. A party cannot be "indispensable" under Rule 19(b) unless it is first deemed "necessary" under Rule 19(a). Abel v. American Art Analog,Inc., 838 F.2d 691, 694, 695 (3d Cir. 1988).

4

The Defendants claim that absent AT Land, they cannot be accorded complete relief because GMR will be required to litigate enforceability of the restrictive covenant in state and federal court, and may face contrary outcomes. While it is true that courts in the state and federal proceedings could reach different conclusions with respect to enforceability of the restrictive covenant, this possibility does not affect the Rule 19(a) analysis. In fact, as the court's discussion with respect to abstention will make clear, concurrent and overlapping state and federal proceedings are not unusual. This is so despite the attendant duplication of effort and expenditure of resources. *See*, Anita Brody, Intersystemic Redundancy and Federal Court Power: Proposing a Zero Tolerance Solution to the Duplicative Litigation Problem, 75 Notre Dame L. Rev. 1347 (2000).

GMR also argues that it may be exposed to duplicative liability because OVB and AT Land seek damages covering the same time period. AT Land's filings in this court and statements on the record in the state proceedings establish that this argument lacks merit. AT Land's damage claims are limited to those based on profits lost prior to the OVB assignment, and the diminished value of the property at the time of assignment. OVB, on the other hand, seeks specific enforcement of the restrictive covenant and profits lost from the time of the assignment. There is no risk of a duplicative damage award.

Finally, GMR argues that if AT Land is not a party to this litigation it will not be able adequately to protect its interest in enforcing the restrictive covenant. The court disagrees. AT Land's interests will be considered in state court in accordance

with state law. Certainly, the state court is equal to the task
of adjudicating AT Land's claims fairly and expeditiously.
Moreover, OVB and AT Land have substantially different arguments
regarding enforcement of the restrictive covenant, given that
Smokey Bones's menu and marketing have been modified since the
assignment.

Having examined each of the criteria set out in Rule 19(a)
against the backdrop of the record, the court is convinced that
AT Land is neither necessary nor indispensable to this
litigation.[1] Accordingly, the motion to dismiss pursuant to Rule
12(b)(7) should be dismissed.

## 2. __The Request for Abstention__

The court need not devote extended discussion to the
abstention doctrine established by the Supreme Court in <u>Colorado
River Water Conservation Dist. v. U.S.</u>, 424 U.S. 800 (1976). This
case lies outside the parameters of that doctrine.

---

[1]The court's decision is not inconsistent with the state court's
prior finding that OVB be joined in the state litigation as a
necessary party. The record does not reveal the basis for that
decision, although the Defendants attribute it to the state court's
recognition that OVB was likely to file a second similar suit.
Considerations of judicial economy favored addressing actual and
potential claims together. This court does not face the same
likelihood of dual suits.
Parenthetically, the court notes that the Defendants err in
contending that AT Land could not be joined in this suit because
joinder would destroy diversity. However, "[the] joinder of 'non-
diverse counterclaim defendants do[es] not destroy diversity
jurisdiction . . . because there is complete diversity of citizenship
between the original parties.'" <u>Development Finance Corp. v. Alpha
Housing & Health Care, Inc.</u>, 54 F.3d 156, 160 (3d Cir. 1995) (quoting
<u>In re Texas Eastern Transmission Corp. PCB Contamination Ins.
Litigation</u>, 15 F.3d 1230, 1238 (3d. Cir. 1994)). A non-diverse
counterclaim defendant is subject to joinder in accordance with the
provisions of Fed. R. Civ. P. 19. The joinder of AT Land is
inappropriate because it does not qualify as necessary under Rule
19(a), not because joinder would affect this court's diversity
jurisdiction.

The federal courts have a "virtually unflagging obligation
. . . to exercise the jurisdiction given them" by Congress. <u>Id.</u>
at 817. This obligation is not diminished where there is
concurrent litigation in a state court. "[T]he pendency of an
action in the state court is no bar to proceedings concerning the
same matter in the Federal court having jurisdiction. . . . " <u>Id.</u>
(quoting <u>McClellan v. Carland</u>, 217 U.S. 268, 282 (1910)). "The
general rule regarding simultaneous litigation of similar issues
in both state and federal courts is that both actions may proceed
until one has come to judgment, at which point that judgment may
create a res judicata or collateral estoppel effect on the other
action." <u>Univ. of Maryland at Baltimore v. Peat Marwick Main &
Co.</u>, 923 F.2d 265 (3d Cir. 1991).

The <u>Colorado River</u> exception to this rule is exceedingly
narrow. "Abdication of the obligation to decide cases can be
justified . . . only in the exceptional circumstances where the
order to the parties to repair to the state court would clearly
serve an important countervailing interest." <u>Colorado River</u>, 424
U.S. at 813. <u>Colorado River</u> and its progeny establish that the
existence of exceptional circumstances is to be evaluated in
terms of six factors : 1) whether the state has assumed in rem
jurisdiction over property; (2) the inconvenience of the federal
forum; 3) the order in which the concurrent forums obtained
jurisdiction; 4) whether federal or state law controls; 5)whether
the state court will adequately protect the interests of the

parties;[2] and 6) the desirability of avoiding piecemeal litigation. In this matter, only the sixth "paramount" factor favors abstention.[3]  Ryan V. Johnson, 115 F.3d 193, 197(3d Cir 1997)(quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 (1983). This factor, however, supports abstention "only where there is evidence of a strong federal policy that all claims should be tried in the state courts." Ryan, 115 F. 3d at 198. See also Spring City Corp. v. American Buildings Co., 193 F.3d 165, 172 (3d. Cir. 1999). The facts of this case do not implicate federal policy. Here, the gravamen of both state and federal suits is the interpretation of a lease covenant under Pennsylvania law. "The presence of garden-variety state law issues has not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate [overlapping] lawsuits for unified resolution in the state courts. McMurray v. De Vink, 27 Fed. Appx. 88 at 92-93 (3d Cir. 2002)(quoting Ryan,

---

[2]For purposes of abstention, that state law controls is not "as important where, as here, the federal forum is adequate to protect the parties' rights. It is a far more important consideration when the state court is an inadequate forum to protect the rights of the litigants." McMurray v. De Vink, 27 Fed. Appx. 88, 94 (3d Cir. 2002)(citing Ryan, 115 F.3d at 200).

[3]OVB contends that the third factor also militates in favor of abstention since the federal suit was filed before OVB was served in the state proceeding. This argument is disingenuous. The third factor "is to be applied . . . with a [pragmatic] view to the realities of the case at hand." Moses H. Cone Mem'l Hosp., 460 U.S. at 21. At Land filed suit in the state court four years ago, in November 2002. OVB was aware of that suit in August 2004 when it became assignee of the AT Land's ground lease. The record shows that OVB was well aware of developments in the state case and deliberately waited to see how the case progressed before deciding whether to file suit. By the time OVB initiated the federal matter, it had participated in at least one deposition taken in the state action, had been declared a necessary party there, and had filed and argued a motion for reconsideration of that ruling. Furthermore, it was aware that the court had ordered that it be joined in the state suit, and that service was imminent.

115 F.3d at 198). Although this court may be convinced that practicality and conservation of resources favor deferring to the state court in the circumstances of this case, it cannot invoke the narrowly construed <u>Colorado River</u> abstention doctrine as the means to that end.

The court's option to grant a stay is similarly foreclosed. In <u>Moses H. Cone Mem'l Hosp.</u>, the district court granted a stay of federal proceedings in favor of parallel state litigation. Concluding that there is no practical difference between a stay and abstention, the Supreme Court held that the district court erred in entering the stay. "[A] stay of the federal suit meant that there would be no further litigation in the federal forum; the state court's judgment on the issue would be res judicata." 460 U.S. at 10. See also <u>McMurray</u>, 27 Fed. Appx. at 90. By granting the stay, the court effectively relinquished the jurisdiction that it was obliged to exercise.

The court recognizes that decisions like the one in this case may result in "wasteful and potentially harassing litigation redundancy." Brody, <u>Intersystemic</u>, *supra*, at 1348. "Yet in the context of parallel inter-federal litigation, the often inescapable result of the synthesis of existing Supreme Court jurisdiction doctrine is that the very harms which our judicial systems have fought so hard to prevent in numerous parallel or at least analogous contexts are a frequent occurrence." <u>Id.</u> (footnotes omitted).

The Court of Appeals for the Third Circuit has recognized this difficulty, and has offered encouragement the offered by the Court of Appeals to district court facing similar federal-state

issues. Although the Court of Appeals in <u>Spring City Corp</u>. respected the reasons for the stay of federal proceedings granted by the district court, it was constrained by the law to reverse. In doing so, the court wrote: "We are confident that the District Court can establish procedures in the federal cases that will minimize duplication of effort" expended in the state proceedings. 193 F.3d at 173.

<center>III.</center>

For the reasons set out above, the Defendants' Motion to Dismiss Pursuant to Rule 12(b)(7), or Alternatively for Abstention or a Stay of Proceedings (Doc. 5 ), should be denied.

In accordance with the Magistrate's Act, 29 U.S.C. §(b)(1)(B), 636 (b)(1)(b) and (c), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 22, 2006. Responses to objections are due by December 4, 2006.

November 6, 2006

<div style="margin-left:40%">/s/ Francis X. Caiazza<br>
Francis X. Caiazza<br>
U.S. Magistrate Judge</div>

cc:
Counsel of Record
Via Electronic Mail

<center>10</center>

11